UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
YUSHWANT ROOPNARINE, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                                                              **COMPLAINT**

                       Plaintiff,

                                                            **Docket No.:**

      -against-

                                                             **Jury Trial Demanded**

MODELL COLLATERAL LOANS INC., and
ERIC MODELL, individually, and
GERALD MODELL, individually,

                     Defendants.
----------------------------------------------------------------------X

      Plaintiff, YUSHWANT ROOPNARINE ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against MODELL COLLATERAL LOANS INC. ("MCL"), ERIC MODELL, individually, ("Eric Modell"), and GERALD MODELL, individually, ("Gerald Modell"), (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.     This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 146-1.4; (iii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL §

1

195(3); (iv) the requirement that employers furnish employees with a wage notice at the time of hire containing specific categories of information, NYLL § 195(1); (v) the anti-disability discrimination provisions contained in Title 8 of the Administrative Code of the City of New York, also known as the New York City Human Rights Law ("NYCHRL");[1] and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a multi-store pawn shop with nine locations throughout New York City and its two owners and overseers - - as a porter from August 22, 2011 to August 12, 2016. Throughout his employment, Defendants failed to pay Plaintiff the wages lawfully due to him under FLSA, NYLL, and NYCCRR. Specifically, while Plaintiff routinely worked at least forty-seven hours each week, Defendants completely failed to pay Plaintiff for his hours worked over forty at any rate of pay, and thus not at one and one-half times his regular rate of pay. Additionally, Defendants failed to provide Plaintiff with proper, accurate wage statements on each payday, or with an accurate wage notice at the time of hire, as the NYLL requires.

3. Defendants paid and treated all of their non-managerial employees, including but not limited to, all porters, in this manner.

4. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his NYLL claims on

---

[1] Contemporaneous with the filing of this lawsuit, Plaintiff is also filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), as MCL's conduct that violated the NYCHRL is also in blatant violation of the Americans with Disabilities Act of 1990, as amended ("ADA"). Upon receipt of a "Notice of Right to Sue" letter from the EEOC, Plaintiff will seek leave to amend this Complaint to allege violations of the ADA against MCL.

behalf of himself, individually, as well as on behalf of any individual who files a consent to join this action.

5. In addition, on behalf of himself only, Plaintiff brings this lawsuit to seek redress for Defendants' acts of egregious disability discrimination taken against him. Specifically, after Plaintiff notified Defendants of his diagnosis of depression and that he would require reasonable accommodations with respect to his job duties while he was on medication to treat it, Defendants, all within two weeks of learning of Plaintiff's diagnosis and need for accommodation, refused Plaintiff's requests for accommodation and terminated his employment, in violation of NYCHRL.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as all actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times, Plaintiff was and is a resident of the State of New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, the NYCCRR, and the NYCHRL.

9. At all relevant times, Defendant MCL was and is a New York based corporation with its principal place of business located at 21 West 47th Street, 5th Floor, New York, New

York 10036. Defendant MCL is registered with the New York State Department of State to receive service at this address.

10. At all relevant times, Defendant Eric Modell was the co-owner and Chief Executive Officer of MCL.

11. At all relevant times, Defendant Gerald Modell was the co-owner and Chairman of MCL.

12. At all relevant times, both Eric Modell and Gerald Modell managed and oversaw the day-to-day operations of MCL, and both were ultimately responsible for all matters with respect to determining MCL's employees' rates and methods of pay and hours worked. Furthermore, both Eric Modell and Gerald Modell had and exercised the power to hire and fire and approve all personnel decisions with respect to the MCL's employees. Indeed, both Eric Modell and Gerald Modell were ultimately responsible for the decision to hire and fire Plaintiff.

13. At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCCRR. Additionally, Defendant MCL's qualifying annual business exceeded $500,000, and Defendant MCL was engaged in interstate commerce within the meaning of the FLSA as it routinely bought and sold items that originated from out of state in the course of its business, the combination of which subjects Defendant MCL to the FLSA's overtime requirements as an enterprise. Additionally, Defendants employ four or more employees, making them "employers" within the meaning of the NYCHRL.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings this suit to recover from Defendants full payment of all unpaid overtime wages and liquidated damages under the applicable provisions of the FLSA, 29 U.S.C.

§ 216(b), on his own behalf, individually, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, including but not limited to, all porters, who performed any work for Defendants within the FLSA statutory period, who give consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours during a workweek; and (5) were not paid the required rate of one and one-half times their regular rates of pay for all hours worked each week in excess of forty.

16. At all relevant times, Defendants were aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their regular rates of pay for all hours worked each workweek above forty, yet they purposefully chose not to do so.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek in violation of the FLSA.

## **BACKGROUND FACTS**

18. During the period relevant to this action, Defendants have operated and/or continue to operate a multi-store pawn shop business under the name "Modell" at the following addresses:

- 21 West 47th Street, 2nd Fl., New York, New York 10036
- 139 East 23rd Street, New York, New York 10010

5

- 169 East 116th Street, New York, New York 10029

- 150 Atlantic Avenue, Brooklyn, New York 11201

- 1736 Pitkin Avenue, Brooklyn, New York 11212

- 8413 Fifth Avenue, Brooklyn, New York 11209

- 5002 5th Avenue, Brooklyn, New York 11209 (closed)

- 116-17 Jamaica Avenue, Richmond Hill, New York 11418

- 36-03 Ditmars Boulevard, Astoria, New York 11105 (closed)

19. During the period relevant to this action, Eric Modell was the co-owner and Chief Executive Officer of MCL, and Gerald Modell was the co-owner and Chairman of MCL. Both Eric Modell and Gerald Modell worked and work at MCL's corporate headquarters, located on the 5th Floor of the Modell pawn shop at 21 West 47th Street, New York, New York. Both Eric Modell and Gerald Modell regularly visited each of the Modell pawn shop locations, oversaw their operations, and were responsible for making all managerial decisions on behalf of MCL, including those with respect to the manner of compensating employees and the hours that the Defendants require their employees to work.

20. From on or around August 22, 2011 to on or around August 12, 2016, Plaintiff worked as a porter in Defendants' pawn store located at 1736 Pitkin Avenue, Brooklyn, New York.

21. Throughout his employment, Plaintiff's job duties mainly consisted of cleaning the store, wiping the windows, sweeping and mopping the floor, cleaning the bathrooms, and taking out trash. Plaintiff was also responsible for: transporting jewelry between different of Defendants' store locations, such as the 21 West 47th Street location, the 1736 Pitkin Avenue

location, and the 139 East 23rd Street location; bringing punch cards to the 21 West 47th Street location; and dropping off checks at the 139 East 23rd Street location.

22. Throughout each week of his employment with Defendants, Plaintiff worked from 9:00 a.m. to 5:00 p.m. on Mondays through Fridays, and from 9:00 a.m. to 4:00 p.m. on Saturdays, without a scheduled or uninterrupted break, for a total of forty-seven hours per week.

23. Throughout his employment, Defendants paid Plaintiff $1,019.34 twice each month, which was meant to and operated by law to cover only the first forty hours that he worked in a workweek, and which amounts to an hourly rate of $11.76.

24. Throughout his employment, Defendants failed to pay Plaintiff at any rate of pay, let alone his overtime rate of pay of $17.64 per hour, for those hours that Plaintiff worked each week in excess of forty.

25. For example, during the half-month pay period from January 16 to 31, 2016, Plaintiff worked at least forty-seven hours per week. Defendants paid Plaintiff $1,019.34 in total for that half-month pay period, which was meant to and operated by law to cover only the first forty hours that he worked each week. Defendants did not pay Plaintiff at any rate for any hours that he worked in excess of forty during any of those weeks.

26. Throughout his employment, on those semi-monthly occasions when they paid Plaintiff, Defendants failed to furnish Plaintiff with any statements that accurately reflected the amount of hours that he worked per week, his regular hourly rate of pay, or his overtime rate of pay for each hour worked over forty in a given workweek.

27. Additionally, Defendants intentionally did not provide Plaintiff with a wage notice at the time of his hire, or any time thereafter, containing the following information: Plaintiff's rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week,

salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendants; the name and physical addresses of Defendants; any "doing business as" names used by Defendants; and Defendants' mailing addresses and telephone numbers.

28. Each hour that Plaintiff worked was for Defendants' benefit.

29. Defendants treated all FLSA Plaintiffs as they treated Plaintiff with respect to the payment of wages and hours worked.

30. Defendants acted in the manor described herein so as to maximize their profits while minimizing their labor costs.

31. In or about July 2016, Plaintiff was diagnosed with depression and as a result, started taking medication prescribed by his doctor, Alprazolam, a drug better known under the trade name "Xanax," which while taking it caused Plaintiff difficulties in waking up in the morning.

32. In or about the last week of July 2016, Plaintiff informed Defendants that he had depression and showed Defendants' manager "Tom" the packaging of the medication that he was taking. Upon seeing the packaging of the medication, Tom told Plaintiff that he should not come to work while taking it. Plaintiff responded that he could still work while taking the medication, but that he would sometimes need to arrive at work twenty to thirty minutes late due to the side effects of the medication.

33. Rather than engaging in an interactive process with Plaintiff to determine if it would be workable to accommodate him by permitting him to work under a slightly modified schedule, or to take unpaid leave on days when he was taking medication, just two weeks later, on August 12, 2016, Defendants simply terminated Plaintiff's employment.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

34. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

35. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

36. Each of the Defendants is an employer within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

37. As described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

38. Defendants willfully violated the FLSA.

39. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

40. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

41. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

43. Each of the Defendants is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

44. As described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-in to this action in accordance with the NYLL's and the NYCCRR's overtime provisions.

45. Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

46. Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELEIF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

47. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

49. Each of the Defendants is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

50. As described above, the Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts into this action with wage statements that accurately contained the criteria required under the NYLL.

51. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

52. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

53. Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

55. Each of the Defendants is an employer within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCCRR.

56. As described above, Defendants failed to provide Plaintiff and any FLSA Plaintiff who opts-in to this action with an accurate wage notice at hire containing the criteria enumerated under the NYLL.

57. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.

58. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $50 for each workday after the violations initially occurred, up to a statutory cap of $5,000.

### **FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Disability Discrimination in Violation of the NYCHRL*

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. NYCHRL § 8-107(1) prohibits disability discrimination in any form, including terminating an employee based on his disability or refusing to provide accommodation to a disabled employee.

61. As described above, Plaintiff is an employee within the meaning of the NYCHRL, while Defendants are employers within the meaning of the NYCHRL.

62. As also described above, Defendants discriminated against Plaintiff on the basis of his disability (depression), in violation of the NYCHRL, by, without engaging in any form of interactive process, failing to accommodate his disability and terminating his employment due to it.

63. As a direct and proximate result of the Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic harm for which he is entitled to an award of monetary damages and other relief.

64. As a direct and proximate result of these Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, increased depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

65. Defendants' unlawful and discriminatory conduct constitutes a knowing, malicious, willful, and wanton violation of NYCHRL for which Plaintiff is entitled to an award of punitive damages.

66. Plaintiff is also entitled to costs and attorneys' fees for Defendants' violations of the NYCHRL.

## DEMAND FOR A JURY TRIAL

67. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and the FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert

with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against any individual for participating in this lawsuit in any form;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and the FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff and the FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  g. An award of damages in an amount to be determined at trial to compensate Plaintiff for all monetary and/or economic damages in connection with his discrimination claims, whether legal or equitable, including back pay, front pay, and any other damages for lost compensation or employee benefits that he would have received but for the Defendants' unlawful discriminatory conduct, to the extent recoverable by law;

  h. An award of damages to be determined at trial to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment in connection with his discrimination claims;

i. An award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with his discrimination claims;

j. An award of punitive damages commensurate with the Defendants' ability to pay in connection with his discrimination claims;

k. Awarding Plaintiff and the FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

l. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

m. Pre-judgment and post-judgment interest, as provided by law; and

n. Granting Plaintiff and the FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: October 18, 2016
       Great Neck, New York

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                1010 Northern Boulevard, Suite 328
                Great Neck, New York 11021
                Tel. (516) 248-5550
                Fax. (516) 248-6027

                _____
                ALEXANDER T. COLEMAN, ESQ (AC 1717)
                MICHAEL J. BORRELLI, ESQ (MB 8533)